This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 29,708**

**CHRISTINA E.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Child appeals the judgment and disposition in which the district court found

that Child committed the offense of public affray. We proposed to affirm the district court's decision in a calendar notice, and Child has responded to that notice with a memorandum in opposition. We have duly considered Child's arguments, but we are not persuaded by them. We therefore affirm.

Child continues to claim that there was insufficient evidence that she committed public affray. Child points to evidence that Child did not want to fight and that the other student (Amber) struck the first blow. To find that Child committed the offense of public affray, the jury was required to find that the two students voluntarily, or by agreement, engaged in a fight or used blows or violence towards each other; that Child acted in an angry or quarrelsome manner; and that the incident occurred in a public place to the disturbance of others. NMSA 1978, § 30-20-2 (1963). We view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *State v. Apodaca*, 118 N.M. 762, 765-66, 887 P.2d 756, 759-60 (1994).

There was evidence that Child had been previously involved in two other fights with Amber, the two students exchanged remarks, the two students then moved toward each other, the two students were throwing punches and calling each other names, and this occurred in a school hall where others were located. We hold that the evidence presented by the State was sufficient to support the determination that Child

committed the offense of public affray. To the extent that Child relies on other evidence in support of her claim that the evidence was insufficient, that evidence was conflicting evidence that was resolved by the factfinder. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (filed 1998) ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."); *see also State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict.").

Child continues to argue that she should have been allowed to submit a jury instruction on self-defense. At trial, after the State presented its evidence, Child moved for a directed verdict and asked that the jury be given an instruction on self-defense. The district court determined that, based only on evidence presented by the State, a self-defense jury instruction would not be given. The district court stated that Child "would have an opportunity to reapply for such an instruction" after Child presented her case. [DS unnumbered 4] Child then presented her case. During Child's testimony, she was "directly" asked if she was afraid, and she responded, "no." [DS unnumbered 4-5] Child was then asked if she expected the blows to continue after the first blow was made, and she responded, "yes." [DS unnumbered

5]  At the close of her case, Child made a second motion to submit a self-defense instruction to the jury.  The district court denied the motion on the basis that Child had testified that she was not afraid.

Child claims that she was, in fact, put in fear of immediate bodily harm after Amber threw the first punches, and her actions in defending herself from Amber's blows resulted from that fear.  [MIO 10]  As discussed in our calendar notice, Child had engaged in two prior fights with Amber, Child moved toward Amber just before engaging in the fight, Child testified that she expected Amber to hit her and to continue to hit her, and Child testified that she was not afraid of Amber at the time that she moved toward her.  Although Child refers to testimony that she did not want to fight and that she was only talking and not yelling at Amber, she did not testify that she was in fear of immediate bodily harm or that her actions resulted from that fear.  The district court did not err in refusing to instruct the jury on self-defense.

For the reasons discussed above and in our calendar notice, we affirm the district court's decision.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

4

_____

**MICHAEL E. VIGIL, Judge**


_____

**ROBERT E. ROBLES, Judge**